IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OQ CHEMICALS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 3:23-cv-419-K |
| | § | |
| TURNER INDUSTRIES GROUP, | § | |
| LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Turner Industries Group, LLC ("Turner") has filed a Motion for Summary Judgment seeking dismissal of all claims in this action. *See* Dkt. No. 47.

Plaintiff OQ Chemicals Corporation f/k/a Oxea Corporation ("OQ") filed a response, *see* Dkt. No. 55, and Turner filed a reply, *see* Dkt. No. 61.

OQ also filed a Motion to File a Surreply, *see* Dkt. No. 62, which Turner opposed, *see* Dkt. No. 64.

These motions have been referred to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 79

For the reasons explained below, the Court denies OQ's Motion to File a Surreply [Dkt. No. 62]. And the Court should grant Turner's Motion for Summary Judgment [Dkt. No. 47].

## Background

This case concerns a contractual indemnity claim related to an underlying lawsuit that involved a workplace incident.

OQ filed this action against Turner seeking express indemnity based on the terms of a 2018 services agreement (the "Services Agreement"). *See* Dkt. No. 1.

OQ and Turner entered into the Services Agreement for the provision of "turnaround" services at OQ's chemical plant in Bay City, Texas. *See id.* at 3.

In April 2019, Turner employee Luciano Perez was purportedly exposed to hazardous gas while working at OQ's Bay City facility. *See id.* at 2-3. Mr. Perez filed a lawsuit in Texas state court against OQ for negligence, among other causes of action, seeking to recover for injuries he sustained as a result of the incident. *See* Dkt. No. 49 at 24-39 (Plaintiff's Fourth Amended Petition in Cause No. DC-19-15408, in the 162nd District Court of Dallas County, Texas).

OQ settled the underlying lawsuit with Mr. Perez and then tendered to Turner for defense and indemnity under the Services Agreement's terms. *See id.* at 42-55 (Tender Letter); 56-71 (Settlement Agreement).

The Services Agreement, which includes a Texas choice-of-law provision, *see id.* at 12, contains the following indemnity clause:

14. Indemnity.

A) SERVICE COMPANY AGREES TO DEFEND, INDEMNIFY AND HOLD HARMLESS OXEA, ITS OFFICERS, AGENTS, EMPLOYEES, AFFILIATES AND PARENTS (EACH AN "INDEMNIFIED PARTY") FROM ANY AND ALL CLAIMS, LIABILITY, LOSS, DAMAGE, COST AND EXPENSE (COLLECTIVELY, "CLAIMS") FOR DAMAGE TO PROPERTY AND

FOR DEATH, DAMAGE OR INJURY TO PERSONS, WHOMSOEVER, DIRECTLY CAUSED BY, ARISING FROM, THE NEGLIGENT PERFORMANCE OR FAILURE TO PERFORM OF SERVICE COMPANY, UNDER THE TERMS OF THIS AGREEMENT; INCLUDING, BUT NOT LIMITED TO, DAMAGE TO PROPERTY AND FOR DEATH, DAMAGE OR INJURY TO OFFICERS, AGENTS, EMPLOYEES, SUBCONTRACTORS OR AFFILIATES OF SERVICE COMPANY, UNLESS CAUSED BY OXEA'S NEGLIGENCE OR ANY THIRD PARTY NOT UNDER THE CONTROL OF SERVICE COMPANY. THIS INDEMNITY PROVISION ALSO INCLUDES, BUT IS NOT LIMITED TO, LOSS OF CONSORTIUM, COMFORT, COMPANIONSHIP OR SERVICES, AND CLAIMS FOR MEDICAL OR OTHER EXPENSES. THIS INDEMNITY PROTECTION SHALL INCLUDE ALL REASONABLE COSTS OF LITIGATION, INCLUDING REASONABLE ATTORNEYS' FEES, AND THE PAYMENT OF ANY DAMAGES REQUIRED PURSUANT TO THE INDEMNITY OBLIGATIONS HEREIN DESCRIBED, WEHTEHR BY WAY OF JUDGMENT OR SETTLEMENT.

*Id.* at 8-9.

OQ now seeks recovery from Turner in this lawsuit for contractual indemnity under the Services Agreement.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and

designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

"[W]hen the moving party has carried its burden under [Federal Rule of Civil Procedure] 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of

ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

## Motion for Leave to File Surreply

OQ filed a Motion to File a Surreply, *see* Dkt. No. 62, which Turner opposed, *see* Dkt. No. 64.

Once a motion is filed, the Local Civil Rules permit a response by the nonmovant and a reply by the movant. *See* Local Civil Rule 7.1. Thus, the movant is

entitled to file the last pleading. Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

The court has found that surreplies usually are not that helpful in resolving pending matters, and it only permits filings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. *See Gezu v. Charter Comm'ns*, 17 F.4th 547, 556 (5th Cir. 2021) ("Because the rules do not provide for surreplies as a matter of right, the district court only accepts such filings 'in exceptional or extraordinary circumstances.'" (quoting *Lacher*, 147 F. Supp. 2d at 539)).

This district is not alone in its treatment of sur-replies. *See Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) (citing cases).

To establish that exceptional or extraordinary circumstances warranting a sur-reply exist, a party seeking leave to file a sur-reply ordinarily must show that a new issue, theory, argument, or evidence was raised or relied on for the first time in the movant's reply brief or in connection with the reply brief. *See id.*; *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (holding "the district court did not abuse its discretion" in denying Plaintiff's motion to file a surreply, "because [Defendant] did not raise any new arguments in its reply brief"); *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-cv-1397-P, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003). Those circumstances arise infrequently, as the scope of a reply is limited to addressing arguments raised in the movant's initial motion and brief

because it would be unfair for the movant "to sandbag and raise wholly new issues in a reply." *Weems*, 2011 WL 2731263, at *1. For similar reasons, "arguments raised for the first time in a Reply brief are [generally] waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) (citation omitted).

Here, OQ's surreply attempts to explain why certain case law – on which Turner relies to support its motion for summary judgment – is not applicable to this case.

But OQ fails to establish (nor can it establish) that Turner raised new arguments or theories in its reply. And OQ's surreply has not shown the existence of exceptional or extraordinary circumstances warranting the filing of a surreply.

And, so, the Court denies OQ's Motion to File a Surreply [Dkt. No. 62] and will not consider OQ's surreply in ruling on Turner's motion for summary judgment.

### Objections to Summary Judgment Evidence

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).

OQ objects to certain items that Turner includes in the appendix to its motion for summary judgment [Dkt. No. 49] and asks that they be stricken from the summary judgment record. *See* Dkt. No. 58.

### A. Objection to Confidential Settlement Agreement [Dkt. No. 49 at 56-71]

OQ objects to Exhibit "D" to Turner's Appendix on the grounds that this document, titled "CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE", was produced by OQ to Turner in this case as "CONFIDENTIAL" subject

to the terms of an Agreed Protective Order that was entered in this case [Dkt. No. 19] and that Turner's filing of an unredacted version of this agreement violates the Agreed Protective Order's terms. *See* Dkt. No. 58 at 1-2.

In response to this objection, Turner filed an amended appendix with Exhibit "D" appropriately redacted. And Turner states that its initial failure to do so was an "inadvertent error." Dkt. No. 60 at 3, n.1.

OQ's concerns appear to have been remedied, and OQ makes no other objections to this document. And, so, the Court overrules OQ's objection to Exhibit "D" as moot.

### B. <u>Objection to Request for Admission Responses [Dkt. No. 49 at 154-73]</u>

OQ objects to Exhibit "Q" to Turner's Appendix on the grounds that unsworn Request for Admission responses are not competent summary judgment evidence. *See* Dkt. No. 58 at 2.

The Federal Rules of Civil Procedure explicitly provide that a summary judgment movant may rely on admissions. *See* FED. R. CIV. P. 56(c)(1).

And, so, because admissions are competent summary judgment evidence, the Court overrules OQ's objection to Exhibit "Q".

### C. <u>Objections to Declarations</u>

Federal Rule of Civil Procedure 56(c) requires that an affidavit or declaration used to support or oppose a motion for summary judgment (1) be made on personal knowledge, (2) set forth facts that would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated. *See* FED.

R. CIV. P. 56(c)(4).

Declarations asserting personal knowledge must include enough factual support to show that the declarant possesses that knowledge. *See Amie v. El Paso Indep. Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2017). A statement is not within a declarant's personal knowledge if the statement is based on information and belief. *See Ripple v. Marble Falls Indep. Sch. Dist.*, 99 F. Supp. 3d 662, 673 (W.D. Tex. 2015).

Conclusory declarations cannot create fact issues to defeat a summary judgment. *See First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009); *see also Amie*, 253 F. App'x at 451 (summary assertions or conclusory allegations in a declaration are simply not enough proof to raise a genuine issue of material fact). "[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence.").

Hearsay in an affidavit or declaration used to support or oppose a summary judgment motion is inadmissible. *See Floyd's v. Chilly's L.L.C. of Alabama*, Civil Action No. 15-00544-BAJ-RLB, 2017 WL 1455024, at *4 (M.D. La. Apr. 21, 2017) (citing *Fowler v. Smith*, 63 F.3d 124, 126 (5th Cir. 1995)).

OQ objects to Exhibits "T," "U," and "V" to Turner's Appendix, which include affidavits from Turner's retained experts.

1. <u>Objections to Exhibit T – Affidavit of Damon L. Shodrock, C.S.P [Dkt. No. 49 at 507-16]</u>

Damon L. Shodrock – a certified safety professional and, specifically, as to hazardous waste operations and emergency response – is Turner's retained expert. *See* Dkt. No. 39 at 2-3.

OQ objects to paragraphs 7, 8, 9, 10, 12, 14, 16, 18 and 20 in Mr. Shodrock's Affidavit [Dkt. No. 49 at 508-15] because they assume facts not in evidence, mischaracterize the contents of documents referenced therein, and ignore information (including documents and testimony). *See* Dkt. No. 58 at 2-3. And OQ further objects to paragraphs 16, 18, and 19 as being based upon speculation/conjecture.

In a prior ruling, the Court determined that Mr. Shodrock's testimony is reliable and relevant. See Dkt. No. 66 (explaining that Turner has persuasively addressed Mr. Shodrock's qualifications, methodologies, documents reviews, and summaries of his opinions).

And, here, Mr. Shodrock's affidavit identifies the materials he reviewed to form the basis of his opinion, *see* Dkt. No. 49 at 507-08, and then provides his reasoning and methodology, *see id.* at 508-15.

OQ objects to paragraphs 15 and 19, *see id.* at 512-515, as concerning inadmissible subsequent remedial measures.

Federal Rule of Evidence 407 provides that that evidence of subsequent remedial measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or an

instruction. FED. R. EVID. 407. Such evidence is, however, admissible for other purposes, "such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures." *Id.*

The Court finds that Mr. Shodrock's statements in paragraphs 15 and 19 do not fall under Rule 407's purview. And the Court is not otherwise persuaded by any of the bases for OQ's objections to Mr. Shodrock's affidavit.

And, so, the Court overrules the objections in their entirety.

2. Objections to Exhibit U – Affidavit of Derek T. Nolen, M.S., P.E., C.F.E.I., C.G.E [Dkt. No. 49 at 517-25]

Derek T. Nolen is Turner's retained expert on mechanical system and component failure analysis, gas system analysis and testing, explosion and fire analysis, and vehicle/equipment failures. *See* Dkt. No. 39 at 3-4.

OQ objects to paragraphs 5, 7, 9, 10, 11, 12, and 13 in Mr. Nolen's Affidavit [Dkt. No. 49 at 518-21] because they assume facts not in evidence, mischaracterize the contents of documents referenced therein, and ignore information (including documents and testimony). *See* Dkt. No. 58 at 2-3.

As with Mr. Shodrock, the Court, in a prior ruling, determined that Mr. Nolen's testimony is reliable and relevant. See Dkt. No. 66 (explaining that Turner has persuasively addressed Mr. Nolen's qualifications, methodologies, documents reviews, and summaries of his opinions).

And, here, Mr. Nolen's affidavit identifies the materials he reviewed to form the basis of his opinion, *see* Dkt. No. 49 at 518, and then provides his reasoning and methodology, *see id.* at 518-21.

OQ also objects to paragraph 8, *see* Dkt. No. 49 at 518-19, as concerning inadmissible subsequent remedial measures.

The Court finds that Mr. Nolen's statement in paragraph 8 does not fall under Rule 407's purview. And the Court is not otherwise persuaded by any of the bases for OQ's objections to Mr. Nolen's affidavit.

And, so, the Court overrules the objections in their entirety.

3. Objections to Exhibit V – Affidavit of Alex S. Gilman, D.O. [Dkt. No. 49 at 526-33]

Alex S. Gilman is a physician and Turner's retained expert as to Mr. Perez's medical condition and treatment. *See* Dkt. No. 39 at 1-2

OQ objects to Mr. Gilman's Affidavit in its entirety on the grounds that his opinions are not relevant. See Dkt. No. 58 at 5.

And OQ objects to paragraphs 16 and 17 in Mr. Gilman's Affidavit [Dkt. No. 49 at 528-29] because they are self-serving, conclusory, and speculative. *See* Dkt. No. 58 at 5-6.

Here, Mr. Gilman's affidavit identifies the materials he reviewed to form the basis of his opinion, *see* Dkt. No. 49 at 527, and then provides his reasoning and methodology, *see id.* at 528-29.

And Mr. Gilman's testimony is relevant to the standards of care applicable to physicians treating and caring for patients with carbon monoxide and exposure poisoning. *See* Dkt. No. 49 at 527.

The Court is not persuaded by any of the bases for OQ's objections to Mr. Gilman's affidavit. And, so, the Court overrules the objections in their entirety.

## Analysis

### I.    <u>Turner has no duty to indemnify OQ.</u>

The Parties agree that Texas law governs the interpretation of the Services Agreement. *Compare* Dkt No. 48 at 20-21, *with* Dkt No. 56 at 32 (both parties applying Texas state law); *see also* Dkt No. 49 at 12 (Services Agreement's Texas choice-of-law provision).

And, so, the Court should analyze the indemnity provision under Texas substantive law.

The Services Agreement's indemnity provision provides:

14. Indemnity.

    A) SERVICE COMPANY AGREES TO DEFEND, INDEMNIFY AND HOLD HARMLESS OXEA, ITS OFFICERS, AGENTS, EMPLOYEES, AFFILIATES AND PARENTS (EACH AN "INDEMNIFIED PARTY") FROM ANY AND ALL CLAIMS, LIABILITY, LOSS, DAMAGE, COST AND EXPENSE (COLLECTIVELY, "CLAIMS") FOR DAMAGE TO PROPERTY AND FOR DEATH, DAMAGE OR INJURY TO PERSONS, WHOMSOEVER, DIRECTLY CAUSED BY, ARISING FROM, THE NEGLIGENT PERFORMANCE OR FAILURE TO PERFORM OF SERVICE COMPANY, UNDER THE TERMS OF THIS AGREEMENT; INCLUDING, BUT NOT LIMITED TO, DAMAGE TO PROPERTY AND FOR DEATH, DAMAGE OR INJURY TO OFFICERS, AGENTS, EMPLOYEES, SUBCONTRACTORS OR AFFILIATES OF SERVICE COMPANY, UNLESS CAUSED BY OXEA'S NEGLIGENCE OR ANY THIRD PARTY NOT UNDER THE CONTROL OF SERVICE COMPANY. THIS INDEMNITY PROVISION ALSO INCLUDES, BUT IS NOT LIMITED TO, LOSS OF CONSORTIUM, COMFORT, COMPANIONSHIP OR SERVICES, AND CLAIMS FOR MEDICAL OR OTHER EXPENSES. THIS INDEMNITY PROTECTION SHALL INCLUDE ALL REASONABLE COSTS OF LITIGATION, INCLUDING REASONABLE ATTORNEYS' FEES, AND THE PAYMENT OF ANY DAMAGES REQUIRED PURSUANT TO THE INDEMNITY OBLIGATIONS HEREIN DESCRIBED, WEHTEHR BY WAY OF JUDGMENT OR SETTLEMENT.

Dkt. No. 49 at 8-9.

OQ asserts that while Turner was not a named defendant in the underlying litigation (it was designated as a responsible third party), the Services Agreement does not state that Turner is only obligated to indemnify OQ for the negligence of Turner in legal actions in which Turner has been named as a party. *See* Dkt. No. 56 at 5. And OQ contends that the indemnity provision satisfies the express negligence rule because Turner's contractual obligation to indemnify OQ for the consequences of its own negligence is "clearly expressed" and the express negligence rule does not prevent the enforceability of indemnification provisions that do not shift responsibility for the indemnitee's own negligence. *See id.* at 5-6.

Turner argues that the indemnity provision is not enforceable because OQ was sued for its own negligence and the indemnity provision does not expressly indemnify OQ for its own negligence and, so, it fails to satisfy the express negligence test. *See* Dkt. No. 48 at 7. And OQ "now seeks to enforce an indemnity obligation based on its own allegation that Turner was the true negligent party," which is not permitted under Texas law. *Id.*

In Texas, a contract provision releasing a party from all liability claims caused by its own future negligence must comply with the fair notice requirements of the "express negligence doctrine" and "conspicuousness." *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993). The fair notice requirements apply only when "one party exculpates itself from its own future negligence." *Green Int'l Inc., v. Solis*, 951 S.W.2d 384, 387 (Tex. 1997); *see also DDD Energy, Inc. v. Veritas*

-16-

*DGC Land, Inc.*, 60 S.W.3d 880, 885 (Tex. App. – Houston [14th Dist.] 2001, no pet.) (holding that fair notice does not apply "where an indemnitee is seeking indemnification from claims not based on the negligence of the indemnitee").

Whether an indemnity agreement satisfies the fair notice requirements is a matter of law for the Court to decide. *See Dresser*, 853 S.W.2d at 509.

"Under the express negligence doctrine, an intent to indemnify one of the parties from the consequences of its own negligence, 'must be specifically stated in the four corners of the document.'" *Gilbane Bldg. Co. v. Keystone Structural Concrete, Ltd.*, 263 S.W.3d 291, 296 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *Ethyl Corp. v. Daniel Constr. Co.,* 725 S.W.2d 705, 707 (Tex. 1987)).

Turner contends that it has no duty to indemnify OQ because the indemnity provision does not meet the express negligence standard.

Specifically, Turner argues that the indemnity provision "expressly carves out claims arising from OQ's own negligence from Turner's obligation, providing the indemnity obligation is triggered 'unless caused by [OQ]'s Negligence or any third party not under the control of service company.'" Dkt. No. 48 at 23 (citing Dkt. No. 49 at 8-9). And, so, Turner asserts that it did not clearly, and in specific terms, agree to indemnify OQ for OQ's own negligence within the four corners of the Services Agreement.

The indemnity provision does not show an express agreement for Turner to indemnify OQ for OQ's own negligence. Rather, the provision explicitly provides for the contrary – that Turner would <u>not</u> indemnify OQ for its own negligence. *See* Dkt.

No. 49 at 8-9 (stating that Turner agrees to indemnify OQ "unless caused by [OQ]'s negligence or any third party not under the control of [Turner]")

Here, Mr. Perez asserted negligence and other causes of action against OQ, but he did not sue Turner.

And, so, the indemnity provision at issue does not meet the express negligence test because it does not expressly provide that Turner will indemnify OQ for OQ's own negligence. *Accord Gilbane*, 263 S.W.3d at 297. And, so, the indemnity provision is unenforceable. *See id.* (citing *Fisk Elec. Co. v. Constructors & Assocs.,* 888 S.W.2d 813, 815 (Tex. 1994) ("Either the indemnity agreement is clear and enforceable or it is not.")).

But OQ argues that it is not seeking to be indemnified for its own negligence but, rather, for Turner's negligence in causing Mr. Perez's injuries, and, so, OQ contends, the express negligence rule does not apply to the indemnification provision here. *See* Dkt. No. 56 at 32-34.

In response, Turner argues that "OQ is not entitled to bring a satellite suit for indemnity alleging Turner was the actual negligent party after settlement of the underlying action." Dkt. No. 61 at 7 (citing *Gilbane*, 263 S.W.3d at 297).

The undersigned agrees with Turner.

Here, OQ settled the case for a fixed dollar amount and now seeks indemnity from Turner while asserting that Turner is liable for Mr. Perez's injuries.

But, as the Texas Supreme Court "foreshadowed" in *Fisk*, OQ seeks to have Turner pay for its settlement. *See Gilbane*, 263 S.W.3d at 298 (citing *Fisk*, 888 S.W.2d

at 815). And, to allow OQ to litigate the question of who caused Mr. Perez's injuries post-settlement and without a valid indemnity agreement "'retards rather than advances the policy of preventing satellite litigation regarding interpretation of indemnity contracts.'" *Id.* (quoting *Fisk*, 888 S.W.2d at 815 n. 2).

And, so, OQ may not seek indemnification from Turner where OQ settled Mr. Perez's claims against OQ for negligence, where Mr. Perez did not state a claim for negligence against Turner, and where the Services Agreement between OQ and Turner did not expressly provide that Turner was obligated to indemnify OQ for OQ's own negligence. *Accord S&B Engineers & Constructors, Ltd. v. Scallon Controls, Inc.*, No. 09-22-00261-CV, 2024 WL 2340790 (Tex. App. – Beaumont May 23, 2024, pet. granted), *review granted* (June 13, 2025) (relying on *Fisk* and *Gilbane* and finding the same).

Because the Services Agreement's indemnity provision does not satisfy the express negligence doctrine and relitigating the negligence issue is not permitted under Texas law, the Court need not reach the parties' arguments concerning whose negligence proximately caused Mr. Perez's workplace incident.

And, so, the Court should find that OQ's contractual indemnity claim against Turner fails as a matter of law and that Turner is entitled to summary judgment.

## Recommendation

For the reasons explained above, the Court should grant Turner's Motion for Summary Judgment [Dkt. No. 47].

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2025

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE