IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OQ CHEMICALS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Case No. 3:23-cv-419-K |
| | § | |
| TURNER INDUSTRIES GROUP, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Turner Industries Group, LLC ("Turner") has filed a Motion for Leave to file the Appendix to its Motion for Summary Judgment Under Seal. *See* Dkt. No. 73.

This motion has been referred to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ed Kinkeade. *See* Dkt. No. 79.

"Once a document is filed on the public record" – such as an appendix to a dispositive motion – "it becomes a 'judicial record.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

And "the working presumption is that judicial records should not be sealed." *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citing *Vantage*, 913 F.3d at 450). In fact, the Fifth Circuit "require[s] information that would normally be private

to become public by entering the judicial record." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022).

To overcome this presumption, a party seeking to seal a judicial record must move for leave to do so – after "thinking long and hard about [the Court's] duty to balance the public's common law right of access [to the documents] against the interests favoring nondisclosure." *Kozlowksi v. Buck*, No. 3:20-CV-00365, 2021 WL 4973710, at *2 (S.D. Tex. Oct. 25, 2021).

And, under this Court's standing procedures, *see* Dkt. No. 20, that party must, in the motion for leave, (1) clearly identify what information is to be sealed (e.g., page number, lines, etc.), (2) brief why the risks of disclosure outweigh the public's common law right of access, and (3) demonstrate why no other viable alternative to sealing exists, *see also Le*, 990 F.3d at 419 (directing that, to decide whether something should be sealed, "judges ... must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and that "[s]ealings must be explained at a level of detail that will allow for this Court's review" (cleaned up)).

Turner's motion to seal, although unopposed, does not carry its burden to seal judicial records under these standards.

This case concerns a contractual indemnity claim related to an underlying lawsuit that was brought because of a workplace incident, in which OQ settled. And Turner requests that the Court seal the settlement amounts paid in the underlying litigation. *See* Dkt. No. 74 at 2.

In its motion, Turner states that the Agreed Protective Order [Dkt. No. 19 at 13] designated the settlement monies paid in the underlying litigation as confidential. *See* Dkt. No. 74 at 3.

The Fifth Circuit has held that a "district court did not abuse its discretion in sealing the settlement agreement where the parties previously agreed to maintain confidentiality during an arbitration and such confidentiality was a 'material inducement for [the defendant] to enter into [the settlement] Agreement.'" *Varsity Gay League LLC v. Nichols*, No. 3:22-cv-2711-B, 2023 WL 5284842, at *2 (N.D. Tex. Aug. 16, 2023) (quoting *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012) (per curiam)).

But Turner's unopposed motion to seal does not expressly provide that maintaining confidentiality was a material inducement to enter into the underlying settlement agreement. *See* Dkt. No. 74 (explaining that "the Agreed Protective Order designated the settlement monies paid in the Underlying Litigation as confidential" and that the sealing request is "narrowly tailored and congruent to the privacy interests in the current litigation, and that of the parties in the Underlying Litigation, and that the risks of disclosure of the settlement monies paid to resolve the Underlying Litigation outweigh the public's common law right of access."); *compare id., with Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 228 (5th Cir. 2020) ("While the district court did not balance this possible factor, the district court also considered that 'keeping the settlement terms confidential [might have been] a factor in the parties' decision to settle.' The district court did not give this potentiality any weight

because the record does not state whether keeping the settlement terms confidential was such a factor. Nor do we. Although the parties agreed to keep the settlement terms confidential at the post-conference meeting, it is unclear whether this agreement was a factor in the parties' decision to settle. *Cf. Seals*, 482 F. App'x at 896 ('In light of the parties' agreement to maintain confidentiality, the express statement that the confidentiality was a material inducement for a party to settle, the fact that public policy favors voluntary settlements, and the limitation of the district court's order to ... three exhibits (i.e., two confidential consent awards and an arbitration transcript), we conclude that the district court did not abuse its discretion in ordering these exhibits sealed.'); *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (holding that a district court 'cannot rely on the general interest in encouraging settlement to justify the sealing of an agreement which the parties mistakenly believed would remain confidential')." (cleaned up)).

And, so, the Court DENIES the unopposed motion to seal [Dkt. No. 73] WITHOUT PREJUDICE to Defendant Turner's ability to refile a motion to seal that strictly complies with the April 19, 2023 Order governing requests to file materials in this case under seal [Dkt. No. 20].

SO ORDERED.

-5-

DATED: August 5, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE